1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ DAUNDRE JONES, | CASE NO. 2:23-cv-1284 |
| Plaintiff, | ORDER DISMISSING CASE |
| v. | |
| PORT OF SEATTLE, PORT OF SEATTLE POLICE DEPARTMENT, SEATAC POLICE DEPARTMENT, and CITY OF SEATAC CITY HALL, | |
| Defendants. | |

15   Plaintiff Cortez Daundre Jones requested leave to proceed *in forma pauperis* against the

16 Port of Seattle, Port of Seattle Police Department, SeaTac Police Department, and "City of

17 SeaTac City Hall." Dkt. No. 1. Offering no specific details, Plaintiff's proposed complaint

18 generally alleges the Defendants engaged in "terrorism to cover corruption" and discrimination.

19 *Id.* at 3. U.S. Magistrate Judge Michelle L. Peterson issued a Report and Recommendation

20 ("R&R"), recommending that the Court deny Plaintiff's IFP application because he has provided

21 inconsistent and incomplete financial information. Dkt. No. 4.

22   Plaintiff objected to the R&R, providing the Court more detail about his financial

23 situation. Dkt. No. 3.

24

ORDER DISMISSING CASE - 1

The Court has reviewed Plaintiff's proposed complaint, his IFP application, and the other files on record, and it finds Plaintiff's filings devoid of any factual or legal details demonstrating the basis for the Court's continued jurisdiction or the plausibility of Plaintiff's claims for relief.

Addressing the jurisdictional issue first, the Court has an ongoing duty to ensure that it has jurisdiction over Plaintiff's claims. *Leem v. Bank of Am. Home Loans,* No. C13-1517RSL, 2014 WL 897378, at *1 (W.D. Wash. Mar. 6, 2014) (citing *Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013); Fed. R. Civ. P. 12(h)(3)). Here, Plaintiff sues the defendants for terrorism to cover corruption and discrimination.

Plaintiff asserts that the Court has diversity jurisdiction. "[D]iversity jurisdiction—exists where an action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Dermarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019) (internal citation omitted). "It requires complete diversity of citizenship, meaning that the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Id.* Plaintiff is a citizen of Washington. Dkt. No. 1-1 at 4. He has also identified one of the defendants as a citizen of Washington. *Id.* Therefore, complete diversity does not exist.

"Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff has not identified a basis for federal question jurisdiction. In fact, he has not identified any federal statutes, federal treatises, or provisions of the United States Constitution at all.

Next, when it comes to IFP complaints, the Court must dismiss the action "at any time if the court determines that … [the complaint] fails to state a claim on which relief may be

ORDER DISMISSING CASE - 2

granted." 28 U.S.C. § 1915(e)(2); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's complaint does not meet the *Twombly/Iqbal* pleading standard because it contains no factual details at all. Plaintiff used the court's *pro se* complaint template, which instructs would-be plaintiffs to "[w]rite a short and plain statement of the[ir] claim," but Plaintiff offers almost nothing to describe the factual basis for his claims. *See Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987) ("An in forma pauperis complaint is frivolous if 'it had no arguable substance in law or fact.'") (internal citation omitted). Thus, his complaint does not contain any factual basis demonstrating a plausible claim to relief.

Ordinarily, when a court dismisses a *pro se* plaintiff's complaint for failure to state a claim, it must grant leave to amend even when no request to amend is made. *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017). But leave to amend may be denied when bad faith or futility are found. *Id.; see also Cal. Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."). At last count, Plaintiff has filed over 60 lawsuits in the District since August 2, 2023, which means he has filed more than one lawsuit a day for weeks. So many cases

ORDER DISMISSING CASE - 3

filed in such a short amount of time supports a finding that Plaintiff is advancing claims without merit and that leave to amend would be futile.

    Accordingly, the Court DENIES Plaintiff's request to proceed IFP and DISMISSES his complaint without prejudice or leave to amend.

    Dated this 29th day of September, 2023.

                              Jamal N. Whitehead
                              United States District Judge